

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Harry Knox, Chairman
Honorable Frank Davis, Member
Texas State Board of Control
Austin, Texas

Dear Sirs:

        Re: Opinion No. 0-2261
        Purchase of liquor stamps under
        contract executed April 8, 1937.

    In your letter of April 25, 1940, you enclosed a contract which was executed April 8, 1937, by and between the State of Texas (acting by and through the State Board of Control, for the use and benefit of the Texas Liquor Control Board) and The Steck Company.

    Paragraph I of this contract, in part, provides:

    "The party of the second part hereby contracts, agrees, binds and obligates itself to furnish to the State of Texas for the use and benefit of the Texas liquor Control Board twenty-five million (25,000,000) liquor tax stamps and further obligates itself to furnish the party of the first part liquor tax stamps in quantities of not less than twenty-five million (25,000,000) within ninety (90) days notice, the party of the first part being given the right to exercise its option to purchase additional stamps if it so desires, but it is not obligated to do so;...."

    We now quote from your letter as follows:

    "An examination of the stipulations in paragraph one of this contract failed to convey to the present Board of Control any expiration date of said contract.

    "The Board of Control wishes to ask the following questions:

    "1. Can the present Board of Control, under

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Harry Knox, Page 2

this present contract, exercise its option as set forth in paragraph one, if it so desires, and continue now and in the future to purchase liquor tax stamps for the Texas Liquor Control Board from the Steck Company of Austin at the price stipulated in the contract?

"2. If your answer to the above question should be 'yes', please advise us if the bond attached to this contract will continue in force and effect as long as the Board purchases stamps under this contract.

"3. If your answer to our first question should be 'no', please advise us the date which this contract expires."

A careful consideration of this contract leaves no doubt but that it was made under the authority of, and in compliance with Title 20, Chapter 2, Vernon's Revised Civil Statutes, 1925, which authorizes the Board of Control to make contracts for printing and the purchase of similar supplies. Article 606, Vernon's Revised Civil Statutes, 1925, which is part of Title 20, Chapter 2, supra, in part, provides:

"The Board shall contract for a term of not exceeding two years . . . for supplying to the State all printing, binding, stationery, and supplies of like character."

Where some person or board is appointed by law as the agent of the State for the purpose of letting contracts, the law under which such person or board acts is as much a part of the contract as if it were formally transcribed therein. Hill v. American Book Company, (Sup. Ct. Ark., 1926) 171 Ark. 427, 285 SW 20; 59 Corpus Juris 171; Nichols v. State (Ct. Civ. App. of Tex., 1895) 11 Tex. Civ. App. 327, 32 SW 452, writ of error refused; State v. Ferlstein (Ct. Civ. App. of Tex., 1934) 79 SW (2d) 143, writ of error dismissed. Since there is no termination date stipulated in the contract before us, we must read the above quoted provision of Article 606, supra, into the contract and hold that it expired two years from the date of execution.

Paragraph I of this contract bound the Steck Company to furnish twenty-five million (25,000,000) liquor tax

Honorable Harry Knox, Page 3

stamps. It further provided for an option which gave the State the right to purchase additional stamps, if it so desired. This option, being a part of the contract, could have meant nothing more than that the State might purchase stamps in excess of the stipulated twenty-five million (25,000,000) (if it so desired) during the time that the contract was in effect. The contract having terminated two years from the date of its execution, the option necessarily expired as of the same date and it is the opinion of this Department that liquor revenue stamps cannot now be purchased under the contract submitted.

We are returning to you herewith the original contract submitted to us with your letter of April 23, 1940.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_
Walter R. Koch
Assistant

By _Harry A. Shuford_
Harry A. Shuford

HAS:AW

ENCLOSURE

APPROVED MAY 8, 1940
_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN